# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00275-MR
# [CRIMINAL CASE NO. 1:12-cr-00118-MR-DLH-1]

| | |
|---|---|
| JOSE FRANCISCO CONTRERAS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on consideration on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 [Doc. 1], and Petitioner's request for the appointment of counsel [Doc. 4].

## I.   BACKGROUND

On April 30, 2013, Petitioner pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Criminal Case No. 1:12-cr-00118-MR, Doc. 9: Plea Agreement; Doc. 10: Information]. In the plea agreement, Petitioner agreed to waive his right to appeal his conviction or sentence except for claims of ineffective assistance of

counsel or prosecutorial misconduct. [Id., Doc. 9: Plea Agreement]. Petitioner was later sentenced to a term of 97 months' imprisonment. [Id., Doc. 18: Judgment]. Petitioner did not file a direct appeal.

On October 20, 2014, Petitioner filed the present motion to vacate contending, among other things, that his counsel was ineffective because she failed to file a notice of appeal after his judgment was entered despite his express instruction that she do so.[1] In his claim for relief, Petitioner moves the Court to vacate his judgment so that he may enter a notice of appeal to the United States Court of Appeals for the Fourth Circuit. In the alternative, Petitioner seeks an evidentiary hearing. [Doc. 1 at 5, 12-13].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an

---

[1] Petitioner also contends that his counsel was ineffective in failing to conduct a proper factual investigation in an effort to obtain a downward departure; in failing to conduct a reasonable investigation before advising Petitioner to plead guilty; and in failing to properly challenge the Guidelines, which resulted in an excessive sentence. [Id. at 4,7, 8].

evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

It is well-settled that when a defendant clearly instructs his attorney to file a notice of appeal from a criminal judgment, the failure to file the notice of appeal constitutes *per se* ineffective assistance of counsel. That is, the defendant is presumed to have suffered prejudice no matter the potential merits of his claims for relief or whether he has waived his appellate rights, as Petitioner has done through his written plea agreement in this case. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007).

Here, Petitioner asserts in his sworn petition that his attorney failed to file a direct appeal after being instructed to do so. Specifically, Petitioner avers that his counsel abandoned his appeal by refusing to file it even after he requested that she do so, and that she failed to follow his "explicit instructions" to file the notice of appeal. [Doc. 1 at 4, 5]. In its response to Petitioner's § 2255 motion, the Government concedes that Petitioner's claim of ineffective assistance of counsel based on the failure to file a direct appeal after being instructed to do so warrants the granting of his motion, at least in part. [Doc. 3: Government's Response]. The Government further

contends that the appropriate remedy in this case is to vacate Petitioner's judgment, enter an amended judgment so that he may file a direct appeal, and dismiss the remaining claims without prejudice. [Id. at 6].

Upon review of Petitioner's motion, the Court concludes that the appropriate remedy in this matter is to vacate the original judgment and enter a new judgment only for the purpose of allowing Petitioner to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case. Petitioner's remaining claims shall be dismissed without prejudice to his right to file another § 2255 motion, if necessary, after direct appeal.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **GRANTED IN PART** for the reasons stated herein. The Clerk is directed to prepare an Amended Judgment with the same terms and conditions as Petitioner's Judgment filed on December 23, 2013, and submit it to the Court for consideration. Petitioner shall have fourteen (14) days from the entry of the Amended Judgment to file a Notice of Appeal in order to appeal to the Fourth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that Petitioner's remaining grounds for relief are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Petitioner's motion for appointment of counsel [Doc. 4] is **GRANTED**, and the Federal Defender of Western North Carolina is hereby directed to appoint counsel to represent Petitioner for the limited purpose of filing a notice of appeal on his behalf. The appointment of appellate counsel is respectfully deferred to the Court of Appeals for the Fourth Circuit.

The Clerk is directed to provide copies of this Order to the Petitioner, counsel for the Government, and the Federal Defender.

**IT IS SO ORDERED.**

Signed: January 15, 2015

Martin Reidinger
United States District Judge